El Pueblo *v.* The Port América Co. et al.

Apelación procedente de la Corte de Distrito de Guayama.

No. 115.—Resuelto en junio 28, 1907.

Acción—Partes.—Aunque una parte demandada no tenga interés alguno en el litigio, esa circunstancia no le priva del derecho que indiscutiblemente tiene de defenderse por todos los medios que la ley le conceda de la acción que

contra él se dirige, pues por lo menos tiene á su favor el interés de evitarse la imposición de costas.

Id.—Alegaciones—Excepciones Previas—Falta de Causa de Acción.—Las alegaciones de un demandado que hubiere excepcionado la demanda por no aducir los hechos expresados en esta causa de acción contra él, por el fundamento de no especificarse en la misma la clase de interés que pueda tener en el litigio, no pueden aprovechar á los demás demandados que se encuentren en el mismo caso, y que no hubieren contestado la demanda, pues éstos pueden tener algún interés y consentir la demanda y la resolución final que en ella pueda dictarse. La mejor práctica en estos casos es esperar á que las partes gestionen lo que á su derecho convenga.

Id.—Sentencia.—Una corte no puede rechazar de plano una demanda cuando aparezca que tiene jurisdicción sobre la persona de los demandados y sobre la materia de la acción; en los casos en que no proceda una sentencia por desistimiento ó abandono, de acuerdo con el artículo 192 del Código de Enjuiciamiento Civil, el Juez está obligado á dictar sentencia, con arreglo á las resultancias del pleito.

Id.—Ejecución de Hipoteca—Procedimiento.—El acreedor hipotecario puede seguir, para el cobro de su hipoteca, el juicio ordinario que regula el Código de Enjuiciamiento Civil, ó 'el procedimiento sumarísimo que establecen la Ley Hipotecaria y su Reglamento.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres Feuille, Attorney General,* y *Rossy, Fiscal.*

La parte apelada no compareció.

Los Sres. Presidente Quiñones y Asociado Figueras, emitieron la opinión del tribunal.

Este caso comenzó por una demanda que ante la Corte de Distrito del Distrito Judicial de Guayama presentó el Attorney General á nombre de ''El Pueblo de Puerto Rico.''

Esa demanda tiene por objeto el cobro de doce mil quinientos dollars, costas, cargas y gastos que la ''The Port América Co.'' hipotecó sobre dos fincas de su propiedad para garantir el fiel cumplimiento de las condiciones que se le impusieron en la concesión de una franquicia para construir y explotar ferrocarriles en esta Isla y cuyas condiciones se dice que ,bajo ningún aspecto ha cumplido dicha compañía, y esta es la razón del cobro judicial que hoy se pretende.

Esa demanda también se dirige contra Don Eduardo Lugo Viña, que fué quién, como apoderado de dicha compañía, compareció al otorgamiento de la escritura hipotecaria á favor

de "El Pueblo de Puerto Rico," y principalmente porque dicho Lugo Viña, con posterioridad á la constitución de dicha hipoteca, adquirió la finca denominada "Pozuelo," que es una de las dos hipotecadas á favor de "El Pueblo de Puerto Rico."

También se dirige la demanda contra Don Fernando Lugo Viña y veinte y ocho individuos más "porque al demandante se le ha informado y cree que todos éstos alegan tener algún interés en las propiedades hipotecadas y descritas en la misma demanda," pero alega el demandante que "dichos intereses, si existen, son posteriores á los derechos del demandante, con arreglo á la hipoteca constituída á su favor."

La demanda relaciona, además, todos los antecedentes que sirven de historial del asunto y concluye con la siguiente súplica.

"*Primero.* Que se condene al demandado, "The Port América Co.", á satisfacer al demandante la expresada suma de doce mil quinientos dollars (12,500) que se le adeuda por el importe asegurado por dicha hipoteca, y las costas, cargas y gastos de esta demanda; y que los demandados, y todas las personas que por ellos ó como causahabientes de ellos, con posterioridad al otorgamiento de dicha hipoteca, y todas las demás personas que sin ser partes en esta demanda, tuvieren sobre ellas gravámenes á su favor por sentencia ó decreto, ó cualquier otro concepto, con posterioridad á la constitución de la hipoteca del demandante, queden excluídos de toda reclamación, título ó derecho contra dichos bienes hipotecados ó cualquiera parte de los mismos y de sus accesorios.

"*Segundo.* Que todos dichos bienes hipotecados, juntos ó separadamente, sean vendidos por decreto de esta corte, y con el producto de su venta se satisfagan:

"1º. Las costas, cargas y gastos de esta demanda."

"2º. Las contribuciones correspondientes á ellos, si algunas hubiere, pendientes de pago."

"3º. La cantidad principal mencionada en dicha hipoteca."

"*Tercero.* Que la corte ordene y falle que al demandante se le otorgue todo otro remedio, bien general ó especial, según lo exigiere la naturaleza del caso ó la corte estimare de justicia.

"*Cuarto.* Que autorizada por esta corte y bajo el sello de la misma, se despachen citaciones dirigidas á "The Port América Co.," Eduardo Lugo Viña, Fernando Lugo Viña, Juan S. Benvenutti, Evangelista Burgos, Abdón Collazo, Carlos Baez, Eustaquio Cordero, Eulogio de Jesús, Nicólas Godina, Gumersindo Ortíz, Justiniano Cruz, Cornelio Tirado, Ramón Rodríguez, Gregorio Alamo, Marcelino Rodríguez, Inés Correa, Simplicio Beltrán, Carlos Rolón, Arsenio Ruíz, Benigno Correa, Santiago Madera, Heraclio González, Santos Estrada, Telsforo Rolón, Soto de la Merced, Felipe Collazo, Braulio Ramos, Melitón Baez, Felipe Blek y Rafael López, los demandados en la presente, ordenándoles por dicha citación á que todos y cada uno de ellos, en determinado día y bajo determinada pena que se expresarán en la misma, comparezcan ante esta corte y todos y cada uno de ellos contesten la demanda, y se atengan á lo que en ella se determinare y cumplan lo que esta corte en la misma ordenare y decretare.—Frank Feuille, Attorney General de Puerto Rico."

Según el alegato del apelante, han sido debidamente citados todos los demandados menos "The Port América Co." y Don Eduardo Lugo Viña.

Don Fernando Lugo Viña, que es uno de los demandados que, según se expresa, está citado, compareció alegando como excepción previa á la demanda que "ésta no aduce hechos suficientes para determinar una causa de acción" (*a*) "Porque el demandado que comparece, no ha sido ni es dueño de las fincas objeto de la demanda; ni ha tenido nunca contrato alguno con El Pueblo de Puerto Rico sobre aquéllas; ni en la demanda se expresa el interés, derecho ó acción que contra el dicho demandado se entabla; ni tampoco se expresa en la demanda qué derechos del demandado (caso que los tuviera), se quieren combatir en la expresada demanda. (*b*) Porque la fianza que trata de ejecutar el demandante es una fianza convencional, que ha de responder del cumplimiento de un contrato y de los daños y perjuicios que origine dicho incumplimiento, debiendo existir una acción previa terminada por sentencia ejecutoria que determine el incumplimiento del contrato principal y la cuantía de los daños y perjuicios mencionados. (*c*) Porque dicha fianza está extinguida por la pró-

rroga concedida por el acreedor sin el consentimiento del dueño actual de las fincas en cuestión. Existe una indebida acumulación de demandados. En efecto, con excepción de "The Port América Co.," que constituyó la fianza, y del demandado Eduardo Lugo Viña, actual dueño de una de las fincas gravadas, la única acción que contra ellos podría entablarse en todo tiempo sería la acción de desahucio, pero nunca la que se pretende ejercitar por no ser partes en el contrato principal ni en la fianza que trátase de hacerse efectiva. La demanda es ambigua. Dicha ambigüedad estriba en que no se determina por el actor la clase de acción que ejercita; si es la acción real hipotecaria ó la acción personal en cobro de pesos; el procedimiento que se trata de practicar por el demandante, no es realmente aplicable á ninguna de las dos acciones señaladas, dando lugar con esto á que los demandados, y entre ellos el que excepciona, pueda contestar la demanda con la seguridad, precisión y claridad inherentes á cualquiera de aquellas acciones. Sírvase la corte, previo señalamiento de día para la discusión de estas excepciones, declararlas con lugar y ordenar el archivo de la demanda, con costas al demandante.—Guayama, 22 de noviembre de 1906.—Lcdo. Ramón Nadal, Abogado del demandado Fernando Lugo Viña."

La Corte de Distrito de Guayama, después de oir las alegaciones de Fernando Lugo Viña y de "El Pueblo de Puerto Rico," representado en el acto por el fiscal del distrito, dictó sentencia en 18 de diciembre de 1906.

Esa sentencia se aclaró, á petición del fiscal, en la siguiente forma:

"*Vistos* los artículos 105, No. 4 y 6 del Código de Enjuiciamiento Civil y el 168 del Reglamento Hipotecario, y las sentencias del Tribunal Supremo de Puerto Rico de 21 de diciembre de 1904 y 8 de febrero de 1906, se declara con lugar la excepción alegada porque la demanda no aduce hechos suficientes para determinar causa de acción bajo ningún procedimiento contra ninguno de los demandados, excepto "The Port América Co." y Eduardo Lugo Viña; y en cuanto á estos dos últimos se refiere, aunque existe causa de acción no se ha utilizado

la tramitación adecuada y deberá la parte demandante ajustarse al procedimiento establecido en los artículos 128 y siguientes de la Ley Hipotecaria. Por tanto, la corte resuelve desestimar y desestima la demanda en cuanto á todos los demandados. El fiscal reproduce la excepción que tiene tomada.''

''El Pueblo de Puerto Rico,'' por medio de su representante, el Attorney General, interpuso recurso de apelación para ante esta Corte Suprema y aquí ha presentado un alegato escrito que se sostuvo en el acto de la vista á la que también concurrió la representación del demandado Fernando Lugo Viña, quien alegó oralmente cuanto creyó conducente á su derecho.

En ese alegato del apelante se sostienen dos afirmaciones:

Primera. La anticonstitucionalidad del procedimiento sumario de la Ley Hipotecaria para el cobro de hipotecas *por no ser, se dice, un debido proceso de ley.*

Segunda. La derogación de ese procedimiento desde que empezó á regir en esta Isla el Código de Enjuiciamiento Civil aprobado el primero de marzo de 1904.

Ya nosotros tratamos estas cuestiones en el caso de *Emilia Giménez y Felicia Garriga y Brenes* v. *Julio Brenes y Aponte.*

Podríamos hoy con vista del extenso y bien pensado alegato del apelante, bajo el punto de vista en que se coloca, agregar otros razonamientos más en apoyo de aquella nuestra opinión en aquella época emitida, pero no es á nuestro juicio en este momento necesario, y pasamos á considerar la resolución apelada.

Es verdad que Don Fernando Lugo Viña, al proponer excepciones, empieza por manifestar que no tiene ningún interés en este litigio, pero esta manifestación suya no le quita el derecho que indiscutiblemente tiene de defenderse de la acción que contra él se dirige por todos los medios que la ley le conceda y que le brinde la misma demanda. Es seguro que si no se le hubiera comprendido entre los demandados, nada hubiera alegado, pero hoy, además del flanco débil que le ofrece la

demanda, tiene á su favor el interés, en que no se ha fijado el demandante, pero que existe, y es el de evitarse la imposición de costas.

De modo que este demandado, citado en forma, pudo, con perfecto derecho, defenderse, y dentro de esa defensa están las excepciones que él ha alegado.

Sentado esto, es indudable que contra él no aduce la demanda hechos que determinen una causa de acción, puesto que, se dice, que se cree que tiene un interés y éste no se especifica, no se dice si tiene sobre las fincas hipotecadas un derecho real ó si las posee, cuál es su título, si es en arrendamiento ó es en precario; en fin, se parte de supuestos intereses de un modo vago y de supuestos derechos subordinados al que hoy ostenta "El Pueblo de Puerto Rico." De este modo no se sabe de qué cargo debe defenderse.

Estamos conformes, por tanto, en este extremo con la sentencia apelada.

No lo estamos en cuanto á lo que ella afecta á los demás demandados que se encuentran en el mismo caso de Fernando Lugo Viña.

Porque esos, aunque citados también, nada han alegado, y pudiera ser que ellos tengan algún interés y se resignen con la demanda y con la resolución final que en este litigio y sobre ellos recaiga.

Las alegaciones de Fernando Lugo Viña, que obra sólo por derecho propio, no pueden aprovechar por la razón expuesta á los otros demandados que en su situación se encuentran, por más que de la faz de la demanda no aparezca por ninguna parte el hecho determinante de la acción que contra ellos se ejercita. Pero es buena práctica que en estos casos tome el juez una actitud pasiva, porque todavía pudiera verse precisado á permitir que se formule una contestación después del término prescrito por la ley, según el artículo 140 del Código de Enjuiciamiento Civil, y entonces pudiera ser que esos demandados alegaren excepciones ó contestasen en el fondo la demanda oponiéndose ó allanándose á ella.

Ahora consideremos la sentencia apelada en cuanto se refiere al deudor hipotecario, que es "The Port América Co.," y al tercer poseedor de una de las fincas hipotecadas, que es Eduardo Lugo Viña.

La Corte de Distrito de Guayama no ha podido en cuanto á ellos rechazar de plano la demanda, porque se trata, al parecer, de un caso en que tiene jurisdicción sobre la persona de los demandados y sobre la materia de la acción.

La razón en que dicha corte se funda es inadmisible porque remite al demandante al procedimiento sumario establecido en el artículo 128 y siguientes de la Ley Hipotecaria y sus concordantes de su Reglamento, sin tener en cuenta la forma y súplica del escrito de demanda y que aquí la acción no se dirige contra el deudor hipotecario y tercer poseedor solamente, sino que comprende también á multitud de individuos que no tienen ese carácter ni figuran en concepto alguno en la escritura hipotecaria, y á esos individuos no podrá llevárseles nunca á ese procedimiento, según esos mismos artículos que cita el juez en su resolución.

Las demandas ó se tienen por desistidas, á petición de los demandados, ó se declaran abandonadas por la corte en los casos que taxativamente enumera el artículo 192 del Código de Enjuiciamiento Civil.

Cuando esos casos no concurren, el juez, según el 193, está obligado á dictar un fallo, con arreglo á las resultancias del pleito.

Hay otra razón de índole distinta, pero no menos atendible.

Desde que está vigente el Código de Enjuiciamiento Civil, nunca hemos resuelto que el único procedimiento para el cobro de hipotecas sea el señalado en la Ley Hipotecaria y, algún caso ha habido, en que habiéndose elegido el procedimiento ordinario del nuevo Código, nada hemos objetado contra él y se resolvió el asunto sólo con arreglo á sus resultancias.

Pero ha llegado el momento de tratar este punto, porque la apelación se presenta en circunstancias tales que se impone la

necesidad de fijar un criterio que sirva de orientación á los demás tribunales y á los mismos acreedores hipotecarios.

Las únicas razones que impusieron el procedimiento sumario de la Ley Hipotecaria se encuentran explicadas de un modo sencillo y elocuente en la exposición de motivos que precede á dicha ley.

El párrafo que á dicho procedimiento se refiere, dice así:

"Pero donde la voz de la experiencia se ha dejado oir con mayor fuerza contra la ley, demandando remedio pronto, es en lo referente al procedimiento para hacer efectivos los créditos hipotecarios. Su complicación abrumadora, la inseguridad del éxito y su coste incalculable, retraen al capital ó sugieren condiciones usurarias; la venta á retro viene sustituyendo al préstamo, para suprimir todo procedimiento con daño del terrateniente; se estipulan intereses que triplican el capital prestado, y tal vez, empleando otras fórmulas, se sujeta con responsabilidades penales al deudor, convirtiendo la santidad de las leyes escritas para castigar delitos en vil.instrumento de la codicia contra el infortunio. Emplea estas artes la desconfianza, porque el procedimiento legal no satisface las exigencias razonables de la contratación, y á cortar la raíz de estos males, proporcionar á la tierra el capital que necesita, y dar al prestamista seguridades de pronto y fácil cobro, se consagra la reforma de mayor transcendencia que propone el Gobierno, *suprimiendo. trámites* que, sin garantía positiva de los derechos, ahoga los más sagrados. La previa tasación, la fijeza en la competencia judicial para las diligencias precisas, la supresión de todo pleito, un solo requerimiento y la subasta inmediata, son las bases de la nueva legislación; suprímense juicios, excusiones, exhortos, mandamientos de embargo de lo que está ya hipotecado, incidentes, subastas simultáneas y tantas otras barreras atravesadas en la senda del crédito territorial con noble ánimo, en las que solo tropieza realmente la buena fe."

Y en el dictamen de la Comisión del Senado se añade:

"Y por último se introduce una modificación sustancial en cuanto al procedimiento para hacer efectivo el derecho asegurado con hipoteca, que facilitará poderosamente la prestación de capitales á la propiedad inmueble, suprimiendo todas las trabas, dificultades y considerables gastos que hasta hoy venían oponiéndose á su desarrollo. Puede decirse que esta reforma, juntamente con las que ya aprobó el Senado,

son las de mayor trascendencia contenidas en el proyecto. Y si se tiene en cuenta que la práctica ha venido en cierto modo á sancionar su éxito, no sólo por el ejemplo que proporcionan algunos Estados extranjeros, sino por el que nos ofrecen instituciones hipotecarias que vienen desenvolviendo un procedimiento análogo, por su sencillez y tendencia que sería aventurado, sin embargo, considerar como suficientemente eficaz para sus fines, no ha de extrañar que la Comisión informe favorablemente sobre su aplicación más general, dando igual dictamen para las reformas contenidas en este tercer grupo, reclamadas unas hace tiempo por la opinión, y dirigidas otras á favorecer el crédito territorial sin lastimar en lo más mínimo los intereses consagrados, ni menos quebrantar de modo alguno los cardinales preceptos de nuestra legislación civil.''

Esos y no otros fueron los motivos que aconsejaron la reforma encaminada al desarrollo del crédito territorial con un procedimiento breve y poco dispendioso en el que se respetasen los intereses del acreedor hipotecario y los no menos sagrados derechos del deudor, porque la ley general de procedimientos que entonces existía era por el contrario en su tramitación lenta y costosa para las partes.

Pero las cosas han cambiado. Hoy el nuevo Código de Enjuiciamiento Civil, es mucho más rápido en su tramitación que el procedimiento sumario y brinda al acreedor hipotecario esa brevedad para el logro de su propósito porque tiene la ventaja de dejar resueltas en un solo litigio todas las cuestiones que pueda suscitar la defensa del deudor y que dentro del procedimiento de la Ley Hipotecaria le están reservadas para ejercitarlas en un juicio ordinario seguido con independencia de aquel procedimiento.

Si esto es así, y si dentro de los motivos que determinaron el procedimiento de la Ley Hipotecaria, está la brevedad para el cobro del capital garantido con hipoteca y si esa rapidez la puede encontrar el acreedor en el juicio ordinario que regula el nuevo Código de Enjuiciamiento Civil, porque le evita ulteriores pleitos, no se le puede obligar á seguir el de la Ley Hipotecaria y puede optar por uno ú otro procedimiento, según lo crea conveniente, siendo casi seguro que no habrá

deudor demandado, que obre de buena fe, que alegue en contra de la elección por el acreedor del procedimiento ordinario del Código de Enjuiciamiento Civil vigente, porque dentro de ese mismo juicio elegido, tiene como se ha dicho antes, los medios de defensa que le otorga el de la Ley Hipotecaria y que puede desarrollar antes de que se verifique la subasta de sus bienes que en garantía de su deuda gravó con la hipoteca en el contrato que con el acreedor celebró.

En mérito de lo expuesto, la sentencia apelada debe confirmarse en cuanto por ella se declara con lugar la excepción alegada por el demandado Fernando Lugo Viña, consistente en que la demanda no aduce contra él hechos que determinen una causa de acción y debe revocarse en cuanto esa misma excepción se aprecia, sin alegación previa, en favor de los otros demandados que en su caso se encuentran y así mismo debe revocarse en cuanto á los otros dos demandados "The Port América Co." y Don Eduardo Lugo Viña deudora y tercer poseedor, respectivamente, según la demanda, y que el juez, de conformidad con lo expuesto, proceda, con arreglo á derecho, á sustanciar el procedimiento ordinario porque opta el demandante "El Pueblo de Puerto Rico."

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Hernández y Wolf.
Juez disidente: Sr. MacLeary.

VOTO PARTICULAR DEL JUEZ SR. MACLEARY.

Por razones análogas á las expuestas en mi voto particular emitido en el caso de *Emilia Giménez y otros* contra *Julio Brenes Aponte,* en 26 de febrero de 1906, me veo obligado á disentir del dictamen emitido por la mayoría del tribunal en el presente caso. Podrían alegarse muchas otras razones, tal vez, más poderosas, para mi disensión en el caso de que se trata; pero sería inútil ahora exponerlas detenidamente. Á

mi entender, el Fiscal General procedió correctamente al entablar esta demanda, y ha debido sostenérsele con respecto á todos los puntos en cuestión.